JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-00443 JGB (SPx)** | Date | July 18, 2023 |
|---|---|---|---|
| Title | ***Terry Mayfield v. County of Riverside, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| TANISHA CARRILLO | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Dismissing Action (IN CHAMBERS)

     On March 10, 2022, Plaintiff Terry Mayfield filed his complaint against Defendants County of Riverside, Riverside Sheriff's Department, and Does 1-50. ("Complaint," Dkt. No. 1.) On April 26, 2022, the Court issued its Standing Order. ("Standing Order," Dkt. No. 9.) On May 1, 2022, Plaintiff filed a request for the Clerk to issue a summons on the Complaint. (Dkt. No. 12.) On May 2, 2022, the Clerk issued a 21-day summons. (Dkt. No. 13.) On May 31, 2022, Defendants filed an answer to the Complaint. ("Answer," Dkt. No. 14.) On June 9, 2022, the Court set a scheduling conference for August 1, 2022. (Dkt. No. 16.) On July 25, 2022, the parties filed a Joint Rule 26(f) Report. ("Joint Rule 26(f) Report," Dkt. No. 17.) On July 26, 2022, the Court vacated the scheduling conference set for August 1, 2022. (Dkt. No. 18.) On October 6, 2022, the Court issued its civil trial scheduling order. ("Scheduling Order," Dkt. No. 19.) Among other dates and deadlines, the Court set a discovery cut-off date of March 27, 2023; a motions cut-off date of June 5, 2023; the last date by which to conduct a settlement conference for April 24, 2023; a final pretrial conference for July 17, 2023; and a jury trial for August 1, 2023. (See id.) The same day, the Court referred the parties to private mediation. (Dkt. No. 20.)

     On July 17, 2023, at 11:00 a.m., the Court attempted to hold the final pretrial conference in this matter. The parties did not appear.

     Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016); Pagtalunan v. Galaza, 291 F.3d

639, 640–43 (9th Cir. 2002). A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The Court finds that Plaintiff has failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate. Since the parties filed their Joint Rule 26(f) Report on July 25, 2022, there has not been a single filing on the docket in this matter, or any indication that any case activity has taken place. The parties failed to appear at the final pretrial conference on July 17, 2023.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan, 291 F.3d at 642 (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Additional delay will also prejudice Defendants, forcing them to spend needless resources on contesting this matter; in fact, Plaintiff has already unreasonably delayed this action without explanation. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic: Plaintiff has yet to pursue this case in any meaningful way since the filing of the Complaint and is unlikely to do so in the future.

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to prosecute, **VACATES** the jury trial set for August 1, 2023, and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**